*BANK OF STEUBENVILLE *v.* D. HOGE AND OTHERS. [17

Where credit or time is given by the creditor to the principal debtor, the security or indorser is discharged, if the credit be given upon an obligatory contract.

The defense is admissible at law as in equity.

THIS cause was reserved in the county of Jefferson. It was an action of debt upon a bond. The declaration was in the usual form. The defendants, Hoge, Andrews, and Jenkinson, craved oyer of the bond, which was had. It is in these words: "Know all men by these presents, that we, J. C. Bayless, D. Hoge, J. Jenkinson, W. R. Dickenson, and M. Andrews, are jointly and severally holden, and do stand bound and indebted unto the pres-

ident, directors and company of the Bank of Steubenville, in the full sum of seven thousand five hundred dollars, for the payment of which, in sixty days from the date hereof, well and truly to be made and done, at the Bank of Steubenville, to the said president, directors, and company, or their assigns, we do bind ourselves, our heirs, executors, and administrators, firmly by these presents," etc.

Upon this oyer the defendants named pleaded, in bar of the action, that in making and executing the writing obligatory, they made and executed the same as securities for John C. Bayless, the principal debtor, for a sum of money borrowed of the plaintiffs, the plaintiffs knowing that they were such securities. That since the commencement of this suit, the plaintiffs made an agreement with Bayless, the principal debtor, whereby they accepted from him a confession of judgment for the whole debt, upon a stipulation entered on the minutes of the court, that execution should be stayed, for one-third, eighteen months; one-third, twelve months; and one-third, six months; without the consent or knowledge of the defendants.

To this plea the plaintiff replied, that they ought not to be barred of their action by the matter set up in said plea, because the defendants jointly and severally bound themselves to pay the debt, as in the bond stipulated. The defendants demurred.

STOKELY and MARSH, for plaintiff.

D. S. COLLIER and C. J. WRIGHT, for defendants.

Judge LANE delivered the opinion of the court:

The record presents two questions: 1. Is the surety in a bond discharged by the *obligee giving time to the principal without the surety's consent? 2. Is the surety estopped from setting up this giving of time, as a defense at law, where the relation does not appear on the face of the bond?

The first question has been already decided by this court in a similar case. 5 Ohio, 207. We have only to repeat the opinion there expressed. A creditor discharges the surety by an agreement that suspends his right to proceed against the principal debtor, and that the defense can as well be made at law as in equity. The cases in 2 Bibb, 467, and 2 Randolph, 333, are almost identical with the present.

The other point, now submitted for decision, is, whether the obligor is estopped, by his bond, from showing his relation as surety, except where the face of the instrument affords evidence of the fact. The doctrine of estoppel proceeds upon the ground that an obligor is concluded, at law, by his own admissions, under his own seal, in the instrument against which the objection is alleged. But there is no attempt here to deny the obligation of this paper, or to evade its admissions. Nothing appears on its face inconsistent with the suretyship of the defendants. The defense sets up a distinct and independent fact beyond the terms of the writing, not controverting any of its stipulations. If the obligation recited that the obligors were principals, there might be color for the assumption that the admission concludes them. In the absence of such recital we find nothing to stop them from proving the truth.

We have found two authorities somewhat countenancing this application of the doctrtne of estoppel in this case. In Hart v. United States, 1 Gallison, 33, the judge intimates a doubt whether the relation of the party need not appear on the face of the bond to open the defense at law. This was a trial on the circuit, and we do not perceive that the point was one presented for decision. We find no principle to warrant this doubt, and can not adopt it.

In Theobald's treatise on the Law of Principal and Surety, two cases are quoted, from the recent English reports, which appear to refer the defense to chancery. 1 B. & C. 682 ; 3 D. & R. 112. We have not access to those cases, and have but a meager abstract of the facts in one of them. We are too well persuaded of the correctness of our opinion to yield it to what we see of these cases. Wherever, by the forms of pleading, the evidence is admissible, the defense may as well be made at law as in equity ; and we are unwilling to increase the delay, and to *multiply [19 the expense of litigation, by sending parties into equity to make defense against suits at law ; unless, by allowing such defense, we trench upon known and well-settled principles. Judgment for defendants.

Judge WRIGHT, having been of counsel, did not sit in this cause.