Nash, J.
 

 The only question presented to the Court is, as to the operation of the statute of limitations. Ponder, the plaintiff, was indebted to one Anderson, and, in order to discharge the debt, sold property to the intestate, Carter- ; and it was agreed betweeii them, that the purchase money should be paid to Anderson in discharge of his debt on Ponder, which was reduced to writing and signed by the intestate. In 1843, Anderson demanded payment of Carter, who refused to make it; and, subsequently, the plaintiff was compelled to pay it. This payment was made within three years before the bringing of the action. • On
 
 *243
 
 behalf of the defendant it was contended, that the plaintiff’s action was barred by the Statute of limitations, which began to run, either from the time he signed the instrument, or from the demand by Anderson. Neither proposition is correct. The arrangement between Ponder and Carter was of a nature not to discharge the former from the claim of Anderson — he was left still liable to pay it, and, under" this liability, the debt was recovered of him and he did pay it. From the latter period, the statute began to run. After the arrangement between Ponder and Carter, the latter, as between themselves, became the principal-in the debt to Anderson, and the former stood in the relation of surety; and it is settled by many adjudications, that a surety has no claim upon his principal, until he has paid the money, for which he is bound. It is the payment of the money, which gives his action, and not his liability in law to do so. The statute begins to run only from the time when the cause of action accrued.
 
 Sherrod
 
 v,
 
 Norwood,
 
 4 Dev. 360,
 
 Brissentine
 
 v.
 
 Martin
 
 1 Ire. 286,
 
 Noland
 
 v.
 
 Martin,
 
 1 Ire. 307.
 

 We concur in the opinion of his Honor. There is no error; and the judgment is affirmed.
 

 Per Curiam. Judgment confirmed.