*437
 
 Mr Justice McLEAN
 

 delivered the opinion of the court.
 

 This is a writ of error to the District Court of Indiana.
 

 The action was brought on a bill of exchange for $4,500, dated October 16, 1854, drawn by Tyner & Childers, of Peru, Indiana, ón Richard Tyner, of New York, and made, payable to the defendant sixty days after date, at the office of Winslow, Lanier, & Co., in the. city of New'York; which bill, at sight, was accepted by the drawee, and afterwards by the payee assigned to one Holland, who subsequently, assigned it to Ezekiel Tyner, by whom it was afterwards assigned to the plain-tiffs. Payment of the bill was refused at maturity, and it was protested for non-payment.- Due notice was given.
 

 The defendant pleaded eight pleas in bar of the action ; the first, second, and fourth, being withdrawn, it is only necessary to notice the third, fifth, sixth, seventh, and eighth.
 

 The third plea states that George Holland, who is one of the endorsers and co-sureties thereof, before the commencement of this suit, on the 21st day of December, 1854, fully paid the bill to the Richmond branch of the State Bank of Indiana, who was then and there the holder and owner of the same; and. that the plaintiffs received the same after they became-due, and were so paid.
 

 This plea assumes that one of the endorsers and co-sureties paid the bill. In McDonald
 
 v.
 
 Magruder, (3 Peters, 470,) and in Wilson
 
 v.
 
 Blackford, (507,) the doctrine was laid down that co-sureties are bound to contribute equally to the debt they have jointly undertaken to pay; but the undertaking must be joint, not separate and- successive. The liabilities must arise from the endorsements, and not from a distinct agreement to pay the face of the bill jointly; the plea does not necessarily import a joint undertaking; the facts on which the joint liability, is founded must be stated. Oh the payment of the bill by the endorser, it does not cease to be assignable.
 

 The allegations in the fifth plea are not sufficient to bar the action.. Several of the matters so stated have no direct bearing on the points made. The various parties to an accommodation bill, where no consideration has passed as among themselves, aré not, unless by special agreement, bound to pay in
 
 *438
 
 equal proportions- as co-sureties. The averments of the plea are defective- in not stating there was an agreement between the drawers and endorsers of the bills of exchange to contribute equally in paying theih.
 

 Nor does the fact that the bills were assigned to the plaintiff as collateral security for a pre-existing debt, impair the plaintiff’s right to recover.
 

 The sixth plea alleges that no consideration passed between said drawer, acceptor, or endorsers, for said bills, and that the same remained in the hands of R. Tyner until negotiated by him to the Richmond Bank, for his benefit. And afterwards, and before said bills became due, to wit: on the 1st of October, 1854, R. Tyner, Tyner & Childers, and E. Tyner & Co., failed, and made a general assignment of their property, rights, &c., to Holland, Abner McCarty, and R. H. Tyner; and Holland accepted the trust, and- became the active trustee; that the assignments were made ^for the debts and liabilities, first,'to indemnify and save harmless Abner McCarty; second, to indemnify and save harmless Holland, said plaintiff^ and N. D. G-allion, in proportion to their respective'liabilities, and next-for the payment of other debts and trusts. The property so assigned is averred to have been of the value of one hundred and fifty thousand dollars, and amply sufficient to pay the bills in su^t, &c., and that Holland, on July 1, 1855, delivered said bills,-endorsed in blank to said plaintiff as collateral seeurity for a pre-existing debt of Richard Tyner to said plaintiff, all of which was known to the'plaintiff.'
 

 To this plea the plaintiff replied, that the said E. Tyner & Co. did not, each nor either of them, make an assignment of their property, rights, credits, or effects, to the said Holland, McCarty, and Tyner, as stated in sixth plea of the defendant; but it- is. true that the said Richard Tyner, in 1854, made an assignment of said property, rights, and effects, to the said Holland, McCarty, and Tyner, and. in trust: first, to indemnify and save harmless the said Abner McCarty as a creditor and surety of the said Richard Tyner; second, to indemnify and save harmless the said- Holland, N. D. Gallion, Ezekiel Tyner, and the said plaintiff, as creditors and securities; but the plain
 
 *439
 
 tiff says the property, rights, credits, and effects, so assigned to the said Holland, McCarty, and Richard H. Tyner, were and still are wholly insufficient in value to indemnify and save harmless the said McCarty as such creditor and surety, so that there are now no effects or money of the said R. Tyner from which the bill could be paid, or any part thereof.
 

 • This replication was demurred to, but it was sufficient, and the demurrer was properly overruled.
 

 In the seventh plea, which was amended, an agreement is alleged between the bank and Holland, that if Holland would give his notes to the bank, bearing six per cent, interest, with real and personal security, payable by instalments on the 1st day of January, 1856, 1857, and 1858, the bank would-extend the times of payment as above stated, which was agreed to by Holland, the.bank being then the holder of the bills; and that this was done without the consent or knowledge of defendant. And it is further alleged that the above bills were, after due, delivered to said plaintiff by said Holland, as collateral security for a pre-existing liability of said Holland, and for no other consideration.
 

 To this plea there was a demurrer on the ground that there was no agreement between Holland, E. Tyner
 
 k
 
 Co., and the defendant, that on the failure of Richard Tyner to pay the bills of exchange, Holland, E. Tyner &.Co., and the defendant, jointly or in equal proportions, should pay them. There was no sufficient averment to this effect. The delivery- of the bills to the plaintiff, as collateral security for a pre-existing debt, under the decision of Swift
 
 v.
 
 Tyson, was legal. The demurrer was properly sustained.
 

 In his eighth plea, the defendant says that the bills of exchange, in the declaration mentioned, are one and the same identical bills, and not other or different; that defendant never endorsed but one bill of the amount and date stated. He further says, that the firm of Tyner & Childers consisted of Richard Tyner, James N. Tyner, and William Childers; and that of E. Tyner
 
 &
 
 Co., of Richard Tyner, and Ezekiel Tyner, and Childers, and that said R. Tyner drew said bill in the name of Tyner
 
 &
 
 Childers, and accepted the same in his own name, and
 
 *440
 
 endorsed the same in the. name of E. Tyner & Co.; that each of the parties, with thé said George Holland and this defendant, were, at the time of drawing, accepting, and endorsing, citizens of Indiana; that the hill of exchange was discounted by the said bank, and the proceeds paid to Richard Tyner; that said endorsers were co-sureties thereon; and it was understood the- said defendants, the said Ge.orge Holland and Ezekiel Tyner, were each to be co-sureties, and liable to pay a
 
 pro rato.
 
 share of said bill; and each of said parties have, since the endorsing of said bill, admitted a liability, with the others, in case of insolvency of prior parties, for whose benefit said bill was so made to contribute towards payment.
 

 And the defendant further says, that, before the bill became payable, the said Tyner & Childers, and the said R. Tyner and E. Tyner & Co., failed, and each of said firms made madé a general assignment of lands, goods, property, and effects, of the value of $1,000 to $5,000, to one H. J. Shirk: first, to pay depositors; second, debts for which A. McCarty and Holland were liable; and also for the payment of debts to plaintiffs* and liabilities to them, the said R. Tyner assigned property and effects, amounting in value to between $60,000 and $150,000, to Holland, McCarty, and R. Tyner, in trust: first, to indemnify and save harmless Abner McCarty; and, second, this defendant and George Holland, the said plaintiffs, and N. D. Gal-lion, in proportion to their respective liabilities for him, and then for payment of other debts upon other trusts; and Holland became active for the execution of the trust, and took up of the Richmond Bank the bill of which it Was holder, and by giving new notes of the said Holland for this and other debts of the said Tyner and Holland, and others, amounting to over $20,000, which sums were payable subsequently, with interest,' and secured by mortgage on real estate conveyed by Holland to the bank, all of which was done without the consent or knowledge of the defendant.
 

 And the defendant says that Holland, still being one of the trustees of said R. Tyner, and having property in his hands upon the trust aforesaid of greater value than the amount of the bills, afterwards, on the 1st of July, 1855, at the county
 
 *441
 
 aforesaid, delivered said bills to the plaintiffs as collateral security for a pre-existing debt of .the said R. Tyner, on which the said Holland was endorser. And the defendant says the moneys in said bills of • exchange have not yet been paid by the said Holland, or any one on his behalf. To this plea there was a demurrer.
 

 This plea but ■ reiterates in effect the. same defences which have already been disposed of in deciding upon the demurrers-before' noti.ced, and it is not perceived how any additional force can be given to them by being grouped together in one plea. •
 

 The fact that these parties were accommodation endorsers does not make them co-sureties, bound to contribute equally to the payment of the bills, without a special agreement to that effect; and there is no sufficient averment that any such agreement existed.-
 

 The averments in regard to the assignment are also defective, for - they nowhere show that Holland had, at any time, sufficient funds in his hands, after complying with the terms of the trust — viz: to save Abner McCarty and others harmless— to pay this bill; and unless such a state of fact existed, there could be nothing in his hands made available for the bills.
 

 If the fact should appear that these partiés are bound to each other by-a separate and distinct agreement, other than that which appears by the endorsements upon the bills, the plaintiff in error will have his remedy in an action of
 
 indebitatus assumpsit
 
 against the other parties to the bills. But we think the averments in the pleas noticed are wanting in precision, and do not bring the ease within the rule of special agreements, which impose a joint obligation.
 

 The demurrers are sustained, and the judgment is affirmed.