## KELLY v. GILLESPIE.

1. PROMISSORY NOTE: SURETY. One of the joint, or joint and several, makers of a promissory note, may in an action at law thereon, show by evidence *aliunde* that he was surety for his co-maker and that that fact was known to the payee.
2. SAME: EXTENSION OF TIME. In such an action, the surety may show as a defense, that the payee, for a valuable consideration, gave further time to the principal, without his consent, and that pending such time the principal became insolvent.
3. SAME: USURY. A note usurious in its character is a sufficient consideration to sustain a contract to extend the time of payment on a note.

*Appeal from Marshall District Court.*

SATURDAY, JUNE 8.

ACTION against Males and Gillespie on a joint and several promissory note. Gillespie answered, alleging that he joined in the execution of said note as the surety of Males, which fact was well known to the payee; that the said payee extended the time of payment of said note five months in consideration of a note for the sum of seventy-five dol-

lars and twenty-five cents executed to him by Males; that at the time of the execution of said agreement, and at the maturity of the note, Males was solvent, but that he had become insolvent, &c. To this answer plaintiff demurred. The demurrer was sustained, and judgment rendered for plaintiff, from which defendant appeals.

*Timothy Brown* and *Thomas Wilson* for the appellant.

I. It is not necessary that the note shall show upon its face the relation of the makers to each other if that relation is in fact known to the holder. If one party is a surety only for his co-maker, and that fact is known to the holder, he is entitled to all the rights of a surety. *Carpenter* v. *King*, 9 Met. 511; *Baker* v. *Briggs*, 8 Pick. 122; *Harris* v. *Brooks*, 21 Ib. 195; *Austin* v. *Boyd*, 24 Ib. 64; Greenl. Ev. §§ 207, 212; *Dewey* v. *Field*, 4 Met. 381; *King* v. *Baldwin*, 2 John. Ch. 554; Willards Eq. 114; *Chester et al.* v. *The Bank of Kingston*, 2 Smith's (N. Y.) R. 336.

II. Extension of time of payment on a sum already due is a consideration sufficient to sustain a promissory note. 1 Par. Cont. 365–370. Conceding that the note given for the extension was usurious, the contract would have been binding as against the holder. He would be estopped by his agreement to extend the time, and could not maintain an action before the expiration of the time. *Grafton* v. *Wood*, 5 N. H. 99; *Bailey* v. *Adams*, 10 Ib. 162; *Savings Bank* v. *Ela*, 11 Ib. 335; *Linn Bank* v. *Mittell*, 24 Maine 547; *Fowler* v. *Brooks*, 13 Me. 240; *Chute* v. *Potter*, 36 Ib. 102; *McComb* v. *Kitridge*, 14 Ohio 348; *Knosty* v. *Wyatt*, 10 N. H. 318; 2 Am. L. C. 418; *Myers* v. *Wells*, 5 Hill 463; *Fellows* v. *Printess*, 3 Denio 512; *Okie* v. *Spencer*, 2 Whart. 253.

III. Extension of the time of payment of a promissory note, by the holder, without the consent of the surety, discharges the surety. *King* v. *Baldwin and Fowler*, 2 John. Ch. 554; *The United States* v. *Howard*, 4 Wash. C. C. R.

Kelley v. Gillaspie.

620; *Bank of Steubenville* v. *Leavitt and Carroll*, Adminis-trator, 5 Ohio 207; *Harris* v. *Brooks*, 21 Pick. 195.

*Boardman* and *Henderson* for the appellee.

I. The note did not show any contract of suretyship on the part of either maker; and one of them will not now be permitted to vary the contract in writing by parol evidence. 2 Gil. 266; 2 Am. L. C. 317; *Bank of Mt. Pleasant*, 10 Pet. 201; 6 Cow. 484; 2 Barr 416.

II. The consideration of the contract for extension, was usurious and void. It was no bar to the surety taking the usual steps for self protection. 2 Am. L. C. 317; 6 Ib. 285; 3 B. Monr. 262; Ib. 212.

WRIGHT, J.—If two persons sign a promissory note joint-ly, or jointly and severally, it is competent for one of them to show, in an action at law, brought thereon, that he was surety for the other, and this he may do by evidence *aliunde*, it being shown that the payee knew the fact. (*Carpenter* v. *King*, 9 Met. 511, and cases there cited; 2 Am. L. C. 295; *Harris* v. *Brooks*, 21 Pick. 195; *Bank of Steubenville* v. *Hoge, et al.*, 6 Ohio 17).

When the creditor in such a case, for a valuable consid-eration, suspends his right of action against the principal debtor, and gives further time for the payment of the note, without the consent of the surety, pending which the prin-cipal becomes insolvent and entirely unable to pay the debt, such agreement is a good defense for the surety in an action against him on the note. (See the same authorities and others there cited).

If the consideration thus paid is an additional note of the principal, forming a contract usurious in its nature, such usury does not make the contract a nullity, as the party contracting for the same, can not set up the usury and claim

that his agreement to give time was without consideration. Willard's Eq. 109.

Following these rules it is held, that the facts stated in defendant's plea were a good defense to plaintiff's action, and the demurrer should have been overruled.

Reversed.