. LAMB *et al.* v. WITHROW.

1. **Statute of limitations:** OPERATION ON OBLIGATIONS OF SURETIES. When the relation of principal and sureties between persons whose names are signed to a promissory note or written obligation does not appear from the instrument itself, but depends for its establishment upon parol testimony, and the instrument has been merged in a judgment rendered thereon, and that satisfied of record, the right of action at law by the surety against the principal will be treated as founded upon an unwritten contract and, under our statute, barred in five years.

2. —— *semble,* that the same rule would apply if the note or instrument were not merged in judgment, and the surety was seeking in an action at law to recover for the amount of the note paid by him, or to be subrogated to the rights of the payee.

*Appeal from Polk District Court.*

SATURDAY, JANUARY 28.

THE original petition in this case was filed, and this action commenced, on the 22d day of September, 1865. A substituted petition, the original having been lost, was afterward filed. The petition contains two counts, wherein the plaintiffs, as assignees, by several intermediate assignments from the payee, claim to recover of the defendant upon two promissory notes, with authority to payee or order to enter appearance, waive notice and confess judgment, etc., one for $500, payable in six months, with interest, dated October 11, 1854, and signed by Thomas F. Withrow (seal), C. Cooper (bail), L. Cassell, S. Gray, Lewis Strong and L. W. Foot; the other for $477, payable in twelve months, with interest, dated October 11, 1854, and signed by the same parties, and also by John Lamb. Plaintiffs pray for judgment on said notes for the amounts, and interest. Afterward an amendment to the petition was filed, setting up two additional counts, one upon each note, and in each of which it is averred that the defendant, Thomas F. Withrow, was the principal obligor in said notes, and the other makers were simply his sureties; that at the maturity thereof the defendant failed to pay the same and left the same for the sureties, the plaintiffs herein, to pay; thereupon they agreed with the owner and holder that when they paid the amount due thereon the notes should be assigned to them, and pursuant thereto they made several payments, which were indorsed on the notes, but said notes not being fully paid, the holder brought suit thereon in the common pleas of Knox county, Ohio, and under the authority annexed to said notes, and without service of any process, judgment was rendered against all the makers thereof on the 25th day of March, 1856; that said judg-

ments were fully paid by plaintiffs, in payments at different dates, and satisfaction thereof in full duly entered of record at dates of last payments respectively, to wit: one on December 25, 1857, and the other December 13, 1858; that said payments and credits on said notes and judgments were not intended to be, and are not, payments thereon, nor do they extinguish the same so far as this defendant is concerned, but are in full force and effect against him; that, on December 24, 1864, the owners of said notes and judgments transferred the same, by instrument of writing, to the plaintiffs, who are the owners thereof. It is also averred that defendant has been a resident of Iowa continuously since February, 1857. Copies of the notes, judgments, payments, transfers, etc., are annexed to the petition. Plaintiffs ask judgment for the amount of said notes, with interest from their date, and costs.

The defendant demurred to the amendment to the petition, it being the third and fourth counts of the action, because 1st. Each count shows that the note therein set out has been merged in a judgment, and the judgments paid and satisfied of record. 2d. That each count seeks to contradict a judicial record without laying grounds therefor. 3d. Each count shows the claim on which it is founded to be barred by the statute of limitations. This demurrer was sustained, and the plaintiffs appeal.

*Phillips & Phillips* for the appellants.

*Thomas F. Withrow pro se.*

Cole, J. — Our code of practice provides that " when a pleading shows affirmatively that its cause of claim is barred by the statute of limitations, it may be assailed by demurrer." Rev., § 2961. It is averred in the petition that the plaintiffs paid all of both notes prior to December, 1858, and

that the defendant has been a resident of Iowa continuously since February, 1857, — this action having been commenced in September 1, 1865. Our statute of limitations provides that actions "founded on unwritten contracts" must be brought within five years; while those "founded on written contracts" must be brought within ten years.

The gist of this action is for money paid by the plaintiffs for the use of defendant. Their right to recover rests upon the fact that the notes which they have paid were the obligations of defendant as principal, and of themselves as sureties. The notes in this case do not show that essential fact. The plaintiffs must rely therefore upon parol proof for establishing this fact. When they have proved by parol the payment of the money in discharge or satisfaction of the notes, and then proved also by parol that the defendant was principal and they were his sureties, the law will imply a promise on the part of defendant to repay them the amount. Surely, in this view, the plaintiffs' action is founded on an unwritten contract, and by the statute would be barred in five years.

But the plaintiffs claim that, having paid the notes for defendant as his sureties, they are entitled to be subrogated to the rights of the holder of the notes, before such payment, as against the defendant, and here again the right to such subrogation depends upon parol proof of the fact that they were the sureties of the defendant. This fact is not evidenced by the note, and hence their action, if it was for subrogation, would not be founded on a written contract, and like the former hypothesis would be barred in five years.

That, still further, the plaintiffs claim that their action is upon the notes themselves, which they show by their averments are not extinguished as obligations so far as defendant is concerned, but are in full force and assigned to them. But here again it also appears from plaintiffs' own averments that the notes are merged in judgments and

are extinguished as obligations against every one, including the defendant, unless the fact, that the plaintiffs were sureties for the defendant, is shown to exist. Without proof of this fact the notes are merged and extinguished, even according to plaintiffs' own averments. The cause of action then must be founded upon the parol proof of the plaintiffs' suretyship for defendant, and not upon any written contract. For the only effect upon the action which could in any event be given to the notes would be to determine the measure of damages, the action being founded, after all, on the relation of principal and surety, of which no contract or proof in writing is claimed to exist. The spirit as well as the letter of the statute of limitations requires, that, in order to prevent the bar of five years from applying to the action, the *essential facts* establishing the liability of the defendant shall be shown by his *written contract*.

It is said in 1 Leading Cases in Equity, 151, in the notes to *Dering* v. *Earl of Winchelsea*, 2 B. and P. 270, that " it is well settled, that the remedy of a surety against the principal lies in assumpsit upon an implied promise to indemnify, or for money paid, laid out and expended, even when the obligation contracted with the creditor is under seal, and will consequently be barred by the statute of limitations unless prosecuted within six (five, by our statute) years from the time at which the cause of action accrues; and it seems to have been held in *Fink* v. *Mahaffy*, 8 Watts, 384, that the right to subrogation rises no higher than the demand to which it is an incident, and consequently cannot be enforced in equity after the statute has attached, and has been pleaded successfully to a suit at law." In accord with this, even when the statute has not been pleaded at law, are the cases of *Neilson et al.* v. *Fry*, 16 Ohio St. 552, and *Chipman* v. *Merrill et al.*, 20 Cal. 130; while the case of *Smith et al.* v. *Swain et al.*, 7 Richardson's Eq. (N. C.) 112, is somewhat at variance with it.

We go no further in settling the rule than the case requires us to go, and only hold that where the relation of principal and surety does not appear from the note or obligation itself, or other written contract of the defendant, and the note has been merged in judgment, and that satisfied of record, the right of action at law, by the surety against the principal, is barred, by our statute, in five years. This is not an action in equity to cancel the entry of satisfaction, etc., and to subrogate the sureties to the rights of the creditor. Whether a different rule would apply in such case we need not determine.

Affirmed.