## WILSON v. CRAWFORD.

1. **Judgment**: SURETY. The payment of a judgment or any part thereof, by a surety on the instrument upon which judgment was rendered, gives him a right of action against the judgment debtor upon an implied promise for the repayment of the money.

2. ——: ——: STATUTE OF LIMITATIONS. The right of action accrues when the judgment is paid, and a promise to pay at some future indefinite time does not suspend the right of action or the operation of the statute of limitations against it.

*Appeal from Dubuque Circuit Court.*

FRIDAY, DECEMBER 14.

ACTION at law. The cause was tried to the court without a jury, and judgment rendered for plaintiff; defendant appeals. The facts of the case appear in the opinion.

*Pollock & Shields*, for appellant.

*M. H. Beach* and *E. McCeney*, for appellee.

BECK, J.—I. The petition alleges that, in 1857, in order to enable defendant to raise an amount of money for his own use, the plaintiff, with another, indorsed defendant's promissory note upon which he secured a loan or advancement; that plaintiff's indorsement of the paper was solely for defendant's accommodation and without other consideration; after the maturity of the note, suit was brought upon it, and judgment rendered thereon against the defendants, plaintiff and co-indorser, on the 17th day of June, 1859, for $690.15, and that this judgment became a lien upon certain real estate owned by plaintiff. The petition proceeds in the following language: "That thereafter, on the 17th of September, 1864, petitioner having occasion to use said real estate for the purpose of raising money thereon, and being unable to do so as long as the lien of said judgment existed thereon, made application to said defendant to remove such lien; that thereupon to accomplish this end said defendant made arrangements with one W. L. Bradley, who then owned

said judgment, by which the said Bradley was to release petitioner therefrom on the receipt by him, the said Bradley, of the sum of two hundred dollars thereon; that then and there, at the request of defendant, a verbal agreement was made between petitioner and defendant by which it was expressly agreed and understood between petitioner and defendant that petitioner should pay to said Bradley the said sum of two hundred dollars, and that defendant should repay the same with interest to petitioner as soon thereafter as the defendant might succeed in arranging or settling with his other creditors the indebtedness then outstanding against him; and petitioner avers that relying upon said understanding and agreement, and at the request of defendant, he did advance and pay to said W. L. Bradley the said sum of two hundred dollars; and that thereafter, in the month of February, 1872, the defendant did succeed and complete arranging and settling with his said other creditors the indebtedness outstanding against him at the time of making said agreement, and thereby become liable to repay to petitioner the said sum of two hundred dollars with interest as aforesaid."

The answer of defendant puts in issue the payment of the judgment by plaintiff, as alleged in his petition, and the agreement therein set up. It also pleads the statute of limitations.

II. It will be observed that plaintiff rests his right to recover upon an agreement entered into at the time he made the payment upon the judgment, whereby defendant undertook to repay the sum thus to be advanced by plaintiff for him, whenever defendant should succeed in arranging with his creditors the indebtedness then standing against him. It may be remarked that payment by plaintiff of the judgment, or any part thereof, would give him a right of action against the defendant. But such action, in the absence of testimony taking the case out of the operation of the statute of limitations, would be barred in five years. *Lamb v. Withrow*, 31 Iowa, 164. An agreement, however, entered into at the time of payment under which plaintiff's right of action was suspended, would arrest the running of the statute of limitations until the time an action could be maintained

under such agreement. Plaintiff relies upon an agreement of this character which he seeks to enforce in this case. The only evidence found in the record, relied upon by plaintiff to support the allegations of the petition setting up such an agreement, is the testimony of plaintiff himself. It is as follows:

"In 1864, I desired to obtain money to go to California, by mortgaging some property, or Mr. Bradley did for me as my agent. We found this judgment on record against me as one of the parties, and I requested Mr. Crawford repeatedly to remove it. After a number of interviews, Crawford stated that his property was in the hands of a friend who was protecting it for him—that he would dispose of his property in a little while and pay the debt, but that if I had the judgment levied on the property, it would injure him very much, and he asked me to raise the sum of $200 in addition to the sum I intended to raise to pay my expenses to California, or in some manner get a release from this judgment, and I did make an exchange by which I paid forty acres of land at five dollars an acre, to the administrator or attorney of this estate who held the judgment against me, and I got the release there indicated, of record, and I went to California and was gone two or three years, and returned and called Mr. Crawford's attention to the matter in a note, and he neglected or refused to pay any portion of the indebtedness which I had advanced."

As we have said, the payment of the judgment by plaintiff would give him a right of action against defendant upon an implied promise for the repayment of the money. *Lamb v. Withrow, supra.* But a mere promise of defendant to pay the money at a time named would not bind plaintiff so that his cause of action would be suspended until that time. This is true whether the defendant's promise was made before or after the payment of the judgment. It cannot be claimed that the promise of payment at a specified time, by one soliciting an advance, would suspend the cause of action on account of the advance, when made, to the time mentioned in the promise. Such promises are very commonly in the mouths of persons seeking credit or advances. The

*2.* —: —:
statute of
limitations.

party making the advance, and thus becoming the creditor, must become a party to an agreement whereby the payment is to be delayed and the cause of action suspended. It must be shown that the credit was obtained on condition of payment at a fixed time. Where an advance is made and the debtor promises to pay "in a little while" or "as soon as he can," such a promise, without more, will not bind the creditor and suspend his right of action. If such promises are made after the debt is contracted they will not affect the right of a creditor. In order to suspend his right of action there must· be a contract to that effect, upon a sufficient consideration.

Remembering these familiar principles, and conceding that the petition of plaintiff sets up a contract, which, if established, would operate to suspend plaintiff's right of action (a question, however, that we do not determine), we have only to inquire whether the evidence found in the record tends to support such a contract. As we have said, the only testimony upon this point we have quoted above. We fail to discover that it has any force whatever in support of the contract pleaded by plaintiff. It shows that defendant urged plaintiff to satisfy the judgment, and promised "that he would dispose of his property in a little while and pay the debt." This is all. It cannot be pretended that plaintiff could not, at any time after he made the advance, have brought his action against the defendant. His right of action accrued more than five years prior to the commencement of this suit. It is therefore barred by the statute of limitations.

III. Counsel for appellant insist that "the plaintiff is entitled to recover, even if there had been no agreement by the defendant to repay, as alleged in the amended petition, and fully proved. The plaintiff, by his act of payment as surety, becomes subrogated to all the rights and securities of the judgment creditor *pro tanto*." The sufficient answer to this position is that the action is based upon the express agreement of defendant to pay plaintiff as alleged in the petition, and not upon his rights as surety, or the rights he holds by subrogation on account of his payment as surety. He must recover, if at all, upon the case made by his petition.

REVERSED.