### Wood and others *v.* Seitzinger and others.

*(Circuit Court, E. D. Pennsylvania.   April 30, 1880.)*

PROMISSORY NOTE—COLLATERAL SECURITY—HOLDER FOR VALUE.—The holder of a promissory note, taken as security for a pre-existing debt, is a holder for value, and entitled to be protected as such.

*Thomas Hart, Jr.,* for plaintiff.
*Samuel Dickson,* for defendant.

PER CURIAM. Is the holder of a negotiable note, who has taken it as a security for a pre-existing debt, a holder for value, and so protected against any equities subsisting between the original parties to it? This is the only question presented by this case.

If the rule established in Pennsylvania by the decisions of her highest court is to be followed, it must be answered in the

negative.   But these decisions are only persuasive, as may be said also of a recent decision in this court by a late eminent judge, comformably to the state rule.   The question involved is not one of local law, but of general commercial jurisprudence; hence the duty of the court is imperative to follow the guidance of general judicial opinion concerning it.   As to the preponderating weight of this opinion there is scarcely ground for doubt.

In perhaps the majority of the United States, the law is settled that the taking of a note as collateral security for a pre-existing debt is a holding for value.   So it is held in England.   See 2 C. M. & R. 180; *Percival* v. *Frampten,* and *Poirier* v. *Morris,* 2 E. & B. 89.   It is stated to be the better doctrine in 3 Kent's Com. *81; in Story on Prom. Notes, § 195; in 1 Parsons' Prom. Notes, 218; and in Byles on Bills, by Sharswood, *28.   It has the judicial sanction of Judge Story, in *Swift* v. *Tyson,* 16 Peters' R., whose adoption of it is distinctly approved by the supreme court in *McCarty* v. *Root,* 21 How. 439.

Such weight of authority must be regarded in this court as decisive, and judgment is, therefore, entered for the plaintiffs on the case stated.