## WOOD *v.* SEITZINGER.*

*(Circuit Court, E. D. Pennsylvania.* April 30, 1880.)

NEGOTIABLE NOTE—TRANSFER OF AS COLLATERAL SECURITY FOR PRE-EXISTING DEBT—RIGHTS OF HOLDER—FRAUD.—The holder of a negotiable note, who has taken it as a security for a pre-existing debt, is a holder for value, and is protected against any equities subsisting between the original parties.

Case stated between R. D. Wood & Co., plaintiffs, and Fergus G. Farquhar and others, assignees in bankruptcy of Huddell & Seitzinger, defendants, in which the following facts were agreed upon: That R. D. Wood & Co. were the holders of two promissory notes drawn by Jacob J. S. Seitzinger to the order of Huddell & Seitzinger, and by the latter indorsed—one dated June 23, 1876, for $4,000, at two months, and the other dated June 24, 1876, for $3,000, at two months—each duly protested and notice of dishonor given to the indorsers.

That both of said notes were received by said R. D. Wood & Co. from one B. T. Boyer, under the following circumstances: R. D. Wood & Co., on June 2, 1876, delivered to said Boyer two of their own notes, for $4,000 each, Boyer agreeing to have the same discounted and to apply the proceeds to the redemption of certain accommodation notes of the same amount given to the Mill Creek Iron Company. Some time afterwards Boyer improperly used for his own purposes one of these notes, and R. D. Wood & Co. thereupon called upon him to return them the other note, which was still in his possession. In consideration, however, upon June 24, 1876, of the delivery by Boyer to said R. D. Wood & Co. of the two notes of Jacob J. S. Seitzinger, now claimed upon, and two other notes of other persons, said R. D. Wood & Co. permitted the said Boyer to retain and use for his own benefit their (R. D. Wood & Co's.) other notes, aforesaid, which said Boyer did, and R. D. Wood & Co. paid said last-mentioned note at maturity.

*The opinion in this case was inadvertently published on page 285 of this volume, before this report of the case, prepared by Frank P. Prichard, Esq., of the Philadelphia bar, came to hand.

That the notes claimed upon were procured by said Boyer from Seitzinger upon June 24, 1876, by untrue representations made by Boyer to Seitzinger that R. D. Wood & Co. needed accommodation. That neither Seitzinger nor Huddell & Seitzinger received any consideration therefor. That R. D. Wood & Co. had no knowledge or notice of this, and supposed the notes represented a debt due by the maker to Boyer.

That if the court should be of opinion that the plaintiffs are entitled to recover, judgment is to be entered for the plaintiffs for $351.49, being 5 per cent. on the amount of the said two notes, with interest, viz., $7,029.84, the said 5 per cent. being the dividend theretofore declared upon the allowed claims against the estate of Huddell & Seitzinger, bankrupts; otherwise, judgment for defendants. Both parties reserved the right to take a writ of error to the judgment.

*Thomas Hart, Jr.*, for plaintiffs.

*E. G. Platt* and *Samuel Dickson*, for defendants.

PER CURIAM. Is the holder of a negotiable note, who has taken it as a security for a pre-existing debt, a holder for value, and so protected against any equities subsisting between the original parties to it? This is the only question presented by this case. If the rule established in Pennsylvania by the decisions of her highest court is to be followed, it must be answered in the negative. But these decisions are only persuasive, as may be said also of the recent decision in this court by a late eminent judge, conformably to the state rule. The question involved is not one of local law, but of general commercial jurisprudence; hence the duty of the court is imperative to follow the guidance of general judicial opinion concerning it. As to the preponderating weight of this opinion there is scarcely ground for doubt.

In perhaps a majority of the United States the law is settled that the taking of a note as collateral security for a pre-existing debt is a holding for value. So it is held in England. See 2 C. M. & R. 180; *Percival* v. *Frampton* and *Poirier* v. *Morris*, 2 E. & B. 89. It is stated to be the better doctrine in 3 Kent's Com. *81; in Story on Prom. Notes, § 195; in 1 Parsons' Prom. Notes, 218; and in Byles on Bills, by

Sharswood, *28. It has the judicial sanction of Judge Story in *Swift* v. *Tyson*, 16 Pet. 1, whose adoption of it is distinctly approved by the supreme court in *McCarty* v. *Root*, 21 How. 439.

Such weight of authority must be regarded, in this court, as decisive, and judgment is therefore entered for the plaintiffs on the case stated.

NOTE.—The " recent decision in this court," referred to in the above opinion, is probably the case of *Mack* v. *Baker*, reported in 5 Weekly Notes of Cases, 212.