# PRESTON v. GOULD.

1. **Practice in Supreme Court**: PRESUMPTION IN FAVOR OF TRIAL COURT. Where a law action is tried to the court, and no finding of facts is shown by the record on appeal, this court will presume such a finding of facts as will support the judgment.

2. **Promissory Note**: ORDER AND LIABILITY OF INDORSERS: PAROL TESTIMONY TO EXPLAIN. While it is conceded, for the purposes of this case, that, in the absence of any agreement, contract or understanding between the indorsers of a promissory note, the law will imply a contract of indemnity by the first to the second indorser, yet parol testimony is admissible to show that the actual transaction between the indorsers was other and different from that implied by law on account of the order of their names upon the note; for example, as in this case, that they were in fact joint indorsers.

3. **Sureties on Note**: PAYMENT OF JUDGMENT BY ONE: RECOVERY FROM THE OTHER: STATUTE OF LIMITATIONS. Where one of two joint sureties pays a judgment rendered upon their joint obligation, he must bring his action for contribution within five years after such payment, or it will be barred by the statute of limitations.

*Appeal from Scott District Court.*

SATURDAY, JUNE 7.

THE petition states that "the defendant delivered to plaintiff a note having indorsed upon the back thereof the name of the payees, Brown, Campbell & Gould, and requested plaintiff to indorse the same for the accommodation of the maker, Lee, and that plaintiff did thereupon write his name on the back thereof, and underneath the name of Brown, Campbell & Gould, as a second indorser, and redelivered said note so indorsed to said Gould; that said Brown, Campbell & Gould were a co-partnership, and said defendant, Gould, was a member thereof; that thereafter, before maturity and at maturity, the said note became and was the property of the First National Bank of Davenport, Iowa; that at maturity said note was by the owner duly presented for payment, and demand made therefor, which was refused,

and said note duly protested, and due notice thereof given said makers, Brown, Campbell & Gould, and this plaintiff; that thereafter said Bank, being the owner of said note, commenced an action thereon in the district court of Scott county against Brown, Campbell & Gould, and plaintiff as indorsers, and such proceedings were had that judgment was rendered against defendant, Gould, and this plaintiff for the sum then due upon said note, and thereafter, to-wit, January 28, 1878, plaintiff paid said bank the amount due upon said note, to-wit, $640.60; that by reason thereof plaintiff is entitled to recover of the defendant the amount due upon said note."

The defendant answered the petition, and denied being indebted on the note, and also pleaded "that Brown, Campbell & Gould never were the owners of said note, but indorsed the same solely for the accommodation of the maker, Henry W. Lee; that their indorsement, as also the plaintiff's, upon said note was made as joint sureties for the maker, and before said note was put in circulation, and that said bank discounted said note for the benefit of said Henry W. Lee; that said plaintiff paid said judgment obtained by said bank against this defendant and plaintiff as indorsers of said note January 28, 1878, and that more than five years have elapsed since said judgment was so paid and before this suit was commenced." Trial to the court, judgment for the defendant, and plaintiff appeals.

*Stewart & White*, for appellant.

*George E. Gould*, *pro se*.

SEEVERS, J.—I.   Parol evidence was introduced on the trial, against the objection of the appellant, tending to show

1. PRACTICE in supreme court: presumption in favor of trial court.

that the firm of Brown, Campbell & Gould, of which partnership the defendant was a member, and the plaintiff were joint sureties on the note for Henry W. Lee, the maker, and it is assigned as error that the court erred in finding that the parties to this

action, as between themselves, were co-sureties on the note. There was no finding of facts, but we must presume such a finding of facts as will support the judgment. We therefore must assume that the court found the fact to be that the plaintiff and defendant were sureties on the note in question for the maker. Under the settled rule, we cannot disturb the finding; and, in fact, counsel in argument do not insist that we should.

Their contention is that, "by the indorsement of Brown, Campbell & Gould of said note, and the subsequent indorsement by appellant, a contract of indorsement as such existed upon the part of Brown, Campbell & Gould with appellant, and that, upon the payment of the bank judgment by appellant, a consideration thereupon arose between Brown, Campbell & Gould, sufficient to support said contract of indorsement, and to authorize appellant to enforce such contract in an action thereon," The appellee contends that the parties were co-sureties, and, that, such being the case, the appellant could only bring an action for contribution, and that such an action is barred in five years. These are the questions discussed by counsel, which we proceed to consider.

II.   The following is a copy of the material portions of the note.

"$1,000.                    DAVENPORT, IOWA, Sep. 15, 1874.

"Four months after date, I promise to pay, to the order of Brown, Campbell & Gould, at the First National Bank, Davenport, Iowa, one thousand dollars, with interest from maturity at ten per cent per annum.

                                        "HENRY W. LEE."

        Endorsed in blank—
        "BROWN, CAMPBELL & GOULD.
        "A. J. PRESTON."

Counsel for the appellant have cited authorities to sustain the claim that the rights and liabilities of the several indorse-

2. PROMIS-
SORY note:
order and
liability of
endorsers:
parol testi-
money to ex-
plain.

ers on accommodation paper are the same as apply to "business notes" or paper. For the purposes of this case this will be conceded, as will the further proposition that, in the absence of any agreement, contract or understanding between the indorsers of such paper, the law will imply a contract of indemnity by the first indorser to the second indorser; and this, we think, is the extent of the authorities cited by counsel for the appellant. Among these are *McCarty v. Roots*, 21 How., 437; *Woodward v. Severance*, 7 Allen, 340; *Clapp v. Rice*, 15 Gray, 557; and *Church v. Barlow*, 9 Pick., 547. We do not understand the legal proposition determined in *Coolidge v. Wiggin*, 62 Maine, 568, and *Kirschner v. Conklin*, 40 Conn., 77, to be in any respect different. In the latter case, it was found as a fact that the indorsers were not joint guarantors or indorsers, and in the former it was held that the mere fact that the indorsers placed their names upon the note for the accommodation of the maker would not change the legal presumption, or make the indorsement joint. These cases are distinguishable, because it must be assumed that the district court found that the plaintiff and defendant were joint sureties on accommodation paper.

III. The appellee insists that the rule established by the decided weight of modern authority is, that parol evidence is admissible to show that the actual transaction between the parties was other and different from that implied by law because of the order in which they severally indorsed the note; and this, we think, is the correct and better rule. The reasons upon which it is based are thus stated by Church, Ch. J., in *Hubbard v. Gurney*, 64 N. Y., 458–463: "It (the parol evidence,) does not tend to alter or vary either the terms or legal effect of the written instrument. The contract was in all respects the same, whether the defendant was principal or surety. In either case, it was an absolute promise to pay $1,000 one day after date, nothing more, nothing less. There is neither condition nor contin-

THE SAME.

gency. It would have been precisely the same contract if the defendant had added the word "surety" to his name. The addition of that word would not have varied it in the slightest degree. The only service it would have performed would have been to give notice to the other party. If it is shown *aliunde*, it is equally effective." This reasoning is entirely satisfactory, and is sustained by the following cases: *Rey v. Simpson*, 22 How., 341; *Good v. Martin*, 95 U. S., 93; *Riley v. Gregg*, 16 Wis., 666; *Carpenter v. King*, 9 Metc., 511; and the following cases determined by this court; *Kelly v. Gillespie*, 12 Iowa, 55; *Harrison v. McKim*, 18 Id., 485, and *James v. Smith*, 30 Id., 55.

IV. It was held in *Wilson v. Crawford*, 47 Iowa, 469, that the payment of a judgment recovered by a surety on the indorsement upon which the judgment was rendered gives him a right of action against the judgment debtor upon an implied promise for repayment of the money, and that the right of action accrues when the payment is made, and that such action is barred in five years from the time it accrued. See also, *Lamb v. Withrow*, 31 Iowa, 164, and *Johnston v. Belden*, 49 Id., 301. It therefore follows that the judgment of the district court must be

3. SURETIES on note: payment of judgment by one: recovery by the other: statute of limitations.

AFFIRMED.