Frank Novak, Appellant, v. Lucy F. Dupont, Administratrix of the Estate of J. H. Dupont, Deceased.

**Surety on Note and Bond to Secure Note:** contribution: *Limitation of actions.* N. made a bond to a bank conditioned to be void if he should pay or cause to be paid all notes made by him to said bank. His father and Dupont were the sureties. In 1890 he gave a note to said bank, with the same sureties. This the brother was obliged to and did pay on

2 December 31, 1891, except some costs, including attorney fees, which were not discharged until 1897. In August, 1891, N. made another note to the bank with his said father as surety and this, too, the brother was obliged to pay and did pay during 1896 or 1897. The father began suit for contribution against Dupont on account of having paid the first note, but after more than five years had lapsed since said payment. *Held*, Dupont's liability as surety on the first note was distinct from his liability on the bond. That because of the payment of the two notes, the condition of the bond was never broken. Therefore, the statute to recover contribution for the payment of the first note began to run when said payment was made by the brother and it was not arrested on the ground that the liabilities of Dupont could not be finally known until the bond was discharged by the payment of both notes.

STATUTE OF LIMITATIONS:   *Reimbursement of surety.* Where plaintiff paid a note for which he and defendant's intestate were
1 liable as sureties, on December 31, 1891, an action for contribution begun December 22, 1897, was barred by the five-years' statute of limitations.

*Appeal from Johnson District Court.*—HON. H. M. REMLEY, Judge.

TUESDAY, OCTOBER 23, 1900.

ACTION for contribution. From judgment on a directed verdict, the plaintiff appeals.— *Affirmed.*

*Bailey & Murphy* for appellant.

*Baker & Ball* for appellee.

LADD, J.—In order to facilitate his dealings in commercial paper with the Iowa City State Bank, J. J. Novak, in 1889, executed his bond, with Frank Novak, his father, and J. H. Dupont, as sureties, conditioned that "if said J. J. Novak or his legal representatives will pay, or cause to be paid, to the said Iowa City State Bank all notes executed to, all overdrafts, or notes guaranteed by him to said bank, and to hold said bank harmless from any and all losses by reason of said J. J. Novak's transactions with and through

said bank, then this bond shall be void and of no effect; otherwise, in full force and effect." June 24, 1890, J. J. Novak, with the same sureties, executed to said bank a note of $2,000, due in four months, which was paid by plaintiff, December 31, 1891, after suit thereon. The costs, including attorney's fees, however, were not discharged until 1897. On August 8, 1891, J. J. Novak, with Frank Novak as surety, executed to said bank a note of $2,000, due in 60 days, which was paid by the surety during 1896 and 1897. As no claim is made on the third note, it requires no attention. At the conclusion of plaintiff's evidence, showing these facts, a verdict was, on motion, directed for the administratrix of the estate of Dupont, deceased. It will be observed that as the claim was filed December 22, 1897, more than five years had elapsed since the payment of the first note, and for this reason recovery was barred by the statute of limitations. *Wilson v. Crawford,* 47 Iowa, 469; *Miller v. Lesser,* 71 Iowa, 147; *Preston v. Gould,* 64 Iowa, 44.

II. But it is asserted that, as Dupont was also liable on the bond, the amounts paid on both notes were in discharge of that obligation, and, as plaintiff could not demand contribution until he had paid his one-half of the amount for which they were obligated on the bond, the remaining one-half was paid on the second note within the period of limitation; in other words, that the payment of the two notes must be treated as discharging their joint liability on the bond, and plaintiff allowed to recover the last half by him paid. Ordinarily, one of two joint obligors for the payment of money is bound to indemnify the other for any sum necessarily paid in excess of his proportional share in discharge of their obligation. But, until more than the proportional share has been paid, no cause of action accrues. *Pegram v. Riley,* 88 Ala., 399 (6 South. Rep. 753); *Camp v. Bostwick,* 20 Ohio St., 337; *Bonham v. Galloway,* 13 Ill., 68; *Ponder v. Carter,* 34 N.

C., 242. See *Mills v. Hyde,* 19 Vt., 59 ; *Boardman v. Paige,*
11 N. H., 431.   This is because of his absolute liability for
his own share, and, until that has been discharged, nothing
can be said to have been contributed for the other.

But the contingency of the failure to pay the second
note never arose, and hence the condition of the bond with
respect to that was never broken.   While J. J. Novak did
not pay it, his surety on the note did.   The condition that
he "pay or cause to be paid" the note was fully complied
with, as on his omission, the surety, who was also bound,
satisfied it.   It was only on failure so to do that the sure-
ties on the bond were to be bound to meet his obligations.
The situation was not different than it would have been had
persons not on the bond become sureties on the notes of J.
J. Novak to the bank.   A contingent liability would then
have instantly attached, and as quickly ceased, upon pay-
ment made by principal or sureties.   The circumstance that
plaintiff was surety on the bond did not affect his obliga-
tion as surety on the note, and the discharge of his liability
on the former was merely incidental to, and necessarily re-
sulted from, meeting his promises contained in the latter.
The bond secured no particular indebtedness, but was in-
tended to cover all which might come within its conditions.
The note, executed a long time after, was to be paid by
the bondsmen only in event those executing it failed to do
so.   The bank never pressed the bond, but demanded and
received payment of the note because of plaintiff's obliga-
tion as surety thereon.   As Dupont was not surety on the
second note, and as the condition of the bond was not broken
by a failure to discharge it by the payors, he was not liable
for contribution of any part paid thereon.   The apportion-
ment of costs was authorized by sections 3853 and 3854 of
the Code.—AFFIRMED.

GRANGER, C. J., not sitting.